IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,898






EX PARTE PAUL DEAN ROACH, JR., Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM ROCKWALL COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted of the
felony offense of burglary of a habitation, and punishment was assessed at twenty-five years
confinement. The Applicant's direct appeal was dismissed for want of jurisdiction as it was not
timely filed.

 Applicant contends that he was denied his right to appeal. The trial court entered
findings of fact and conclusions of law recommending that Applicant be granted an out-of-time
appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed counsel to
"represent the defendant until charges are dismissed, the defendant is acquitted, appeals are
exhausted, or the attorney is relieved of his duties or replaced by other counsel." The duty to
perfect an appeal attaches whether counsel is appointed or retained. See Ex parte Axel, 757
S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal, counsel had
the duty to timely file a motion for new trial or give timely notice of appeal, unless relieved
by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his
conviction in cause number 2-92-247 from the 382nd District Court of Rockwall County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the conviction had been entered on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate of this Court has
issued.

 

DO NOT PUBLISH

DELIVERED: February 18, 2004